IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS ELIAS MENDOZA-CASTANEDA,

    **Petitioner,**

vs.                                                                       No. Civ 02-0132 MV/WWD

**UNITED STATES OF AMERICA,**
**GARLAND JEFFERS, Warden,**

    **Respondents.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court on Mr. Mendoza-Castaneda's Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) ("Petition"), filed February 4, 2002 **[Doc. 1]**. Having considered the pleadings and relevant law, I recommend that Mr. Mendoza-Castaneda's Petition be denied. Because it is possible to resolve the issues on the pleadings, and the record established conclusively that Petitioner is not entitled to relief, I find that an evidentiary hearing is not necessary.

    2. On September 2, 1998, Petitioner pled guilty to the charge of felony possession of a controlled substance in violation of C.R.S.A. § 18-18-405(1)(a). See Ex. 3, United States' Am. Resp. to Petitioner's Pet. **[Doc. 9]**. As a result of this conviction, Petitioner was sentenced to five years of probation and deported to Mexico. Petitioner was subsequently arrested for attempting illegally to reenter the United States and pled guilty to reentry after deportation in violation of 8 U.S.C. § 1326. Judgment was entered on the plea in the United States District Court for the Western District of Texas on August 11, 2000. See Ex. 5, United States' Am. Resp. to Petitioner's Pet. Petitioner was sentenced to serve a term of imprisonment of 30 months. See id.

at 2. Petitioner was confined in Cibola County Correction Center in New Mexico.

3. Mr. Mendoza-Castaneda filed his Petition in this Court on January 30, 2002[1], alleging that his sentence was illegally enhanced because the sentencing court "erroneously considered [the state conviction] to be an aggravated felony." Pet. at 5. Petitioner claims that, as a result of the court's improper consideration of his prior conviction as an aggravated felony, he is "illegal[l]y serving an extra 12 to 18 months in prison"[2] and will be prevented from obtaining any relief from deportation. Id.

4. As a preliminary matter, I note that Mr. Mendoza-Castenada's application is styled as a § 2241 petition. However, Petitioner's challenge to the legality of his sentence is properly brought as a motion under 28 U.S.C. § 2255, and filed with the district court which imposed the sentence. See Westine v. Perrill, 60 F.3d 838, 1995 WL 397065 (10th Cir. Jul. 7, 1995) (unpublished) (upholding the district court's denial of petitioner's 2241 petition on this basis). As such, a 2255 motion would be dismissed as time-barred under the one year statute of limitations imposed by the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA"). However, I find that whether Mr. Mendoza-Castenada's petition is construed under § 2241 or § 2255, it fails on its merits.

5. In 1998, Petitioner pled guilty to felony possession of a controlled substance in

---

[1] The Petition is file-stamped February 4, 2002. However, Petitioner indicated that he executed the Petition on January 30, 2002. "Pursuant to the mailbox rule, a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing." Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)).

[2] Petitioner alleges that he will be released from prison on April 7, 2002. See Petitioner's Original Mot. Under 28 U.S.C. § 2241 (Habeas Corpus), filed on February 4, 2002 **[Doc. 2]**. However, the Court has not received notice that Petitioner has been released or deported.

violation of Colorado law. Petitioner argues that the court improperly considered his Colorado state conviction to be an "aggravated felony" when Petitioner was sentenced pursuant to his federal conviction under 8 U.S.C. § 1326.

6. "As used in § 1326(b)(2), the term 'aggravated felony' is defined as meaning . . . illicit trafficking in a controlled substance. . . including a drug trafficking crime (as defined in section 924(c) of Title 18)." United States v. Valenzuela-Escalante, 130 F.3d 944, 945-46 (10th Cir. 1997) (citing 8 U.S.C. § 1101(a)(43)(B)). Section 924(c)(2) provides that "the term drug trafficking crime means any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801, et seq.)." Id. at 946 (emphasis added). Petitioner was convicted of a felony under Colorado law and "possession of a controlled substance is certainly punishable under the Controlled Substances Act." Id. Thus, Petitioner's state conviction was properly considered an "aggravated felony" for purposes of sentencing under 8 U.S.C. § 1326.

7. In light of his state conviction, Petitioner is subject to deportation[3], as provided for in the federal immigration statutes. Under 8 U. S. C. §§ 1227(a)(1)(A) and (B), (a)(2)(iii) and (a)(2)(B)(i), the Attorney General may order the removal of an alien who has been convicted of an aggravated felony or "a violation . . . of any law . . . relating to a controlled substance." Because Petitioner was convicted of felony possession of a controlled substance under the law of Colorado, he falls within the class of deportable aliens under either or both of these subsections. Consequently, Petitioner's apparent contention that he would not be subject to deportation except for the classification of his state conviction as an "aggravated felony" lacks merit.

8. Finally, I note that deportability is a collateral consequence of a plea. See United

---

[3] Neither party provided the Court with a copy of a deportation order for Petitioner.

States v. Fagundes, 194 F.3d 1321 (10th Cir. 1999) (unpublished); United States v. Amador-Leal, 276 F.3d 511 (9th Cir. 2002).  However, Petitioner has not contested the validity of his guilty plea on direct appeal, and the circumstances under which a guilty plea may be attacked on collateral review are strictly limited.  See Bousley v. United States, 523 U.S. 614, 621 (1998).  Moreover, Petitioner does not justify challenging his plea in a habeas by demonstrating either "cause" and actual "prejudice," or that he is "actually innocent."  See id. at 622.  Thus, Petitioner's claim with respect to deportation is also procedurally defaulted.  See id. at 621.

## Recommendation

I recommend that Mr. Mendoza-Castaneda's Petition for Writ of Habeas Corpus **[Doc. 1]** be DENIED and this cause be dismissed with prejudice.  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE